IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CARESSA HARDY,<br>a/k/a GLENN DIBLEY,<br>　　　　Petitioner,<br>　vs.<br><br>JAMES SALMONSEN, ATTORNEY<br>GENERAL OF THE STATE OF<br>MONTANA,<br>　　　　Respondents. | Cause No. CV 24-77-M-DWM<br><br><br>ORDER |

On May 31, 2024, state prisoner Caressa Hardy ("Hardy"), proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See*, (Doc. 1 at 8.)   Hardy was convicted of two counts of Deliberate Homicide and two counts of Solicitation to Commit Deliberate Homicide in Montana's Fourth Judicial District, Missoula County.  (Doc. 1 at 2-3.)  Her convictions were affirmed on direct appeal.  *See, State v. Hardy*, 2023 MT 110, 412 Mont. 383, 530 P. 3d 814.

## I.    Background

In her initial federal petition, Hardy presented two claims for relief, both involving purported Sixth Amendment violations. (*Id*. at 4-6.) Hardy acknowledged that these claims were presented to the Montana Supreme Court on direct appeal and were both denied for lack of merit. (*Id*.)

Hardy then sought a stay, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), in order to exhaust additional claims via a postconviction petition filed in the state district court. *See*, (Doc. 4.) Hardy advised this Court that she had filed her postconviction petition and that the unexhausted claim related to the State's purported failure to prove every element of the charging document beyond a reasonable doubt. She explained that the stay was necessary to ensure that the claim was fully exhausted and that she would be filing an amended petition in this matter. (*Id*. at 1-2.) Hardy's filing indicated an understanding that all federal claims needed to be presented to the state courts to meet the exhaustion requirements under § 2254 and that her intent was to do so. (*Id*. at 2.)

On June 25, 2024, Hardy's request for a stay was granted. (Doc. 5.) Notably, Hardy filed an amended postconviction petition in the state district court on August 2, 2024. *See e.g., Hardy v. State*, 2025 MT 206N, ¶4, 2025 WL 2605668, 574 P.3d 928 (Table).

The Montana Supreme Court recently affirmed the state district court's denial of Hardy's amended postconviction petition. *Id.* Specifically, the Court

determined three of Hardy's claims: that the State failed to prove each element of all the offenses charged, information from incarcerated informants was improperly used, and inappropriate jury instructions were given, were not reviewable in postconviction proceedings.  The Court also found the District Court had subject matter jurisdiction over Hardy's proceedings.  *Id*. at ¶¶ 8-12.

In light of the conclusion of Hardy's state postconviction matter, the stay previously imposed in this matter was lifted, and Hardy was given an opportunity to file an amended petition.  *See*, (Doc. 11.)  Hardy timely complied.  *See*, Amd. Pet. (Doc. 12.)

## II.    Hardy's Amended Petition

In her amended petition, Hardy apparently abandoned her prior claims and, instead, raises new claims.  She alleges: (1) she was denied her right to present an affirmative defense of self-defense due to the ineffective assistance of counsel, (*id*. at 4); and (2) the prosecutor and defense counsel conspired to tamper with evidence and conceal it during Hardy's trial.  (*Id*. at 6.)  Hardy acknowledges she did not present either of these claims to the State courts and contends that this failure was due to there being no adequate remedy in the state courts, coupled with a purported ongoing pattern of state-wide corruption. (*Id*. at 5-6.)

The exhaustion requirements were again reviewed, and Hardy was advised that because she did not present the claims contained in her amended federal

petition on direct appeal or in her state postconviction proceedings, the claims appeared to be unexhausted.  Further, because there were no remaining state avenues of review, the claims were also procedurally defaulted.  *See generally*, (Doc. 13.)  Hardy was directed to show cause as to why the amended petition should not be dismissed as procedurally defaulted and was advised of the showing she would need to make.  (*Id*. at 4-5.)  Hardy timely responded.  (Doc. 14.)

In response, Hardy first asserts that given the purported constitutional violations that occurred, it would now be "prudent and responsible" to allow her to bring the new claims to the Montana Supreme Court via a state petition for writ of habeas corpus.  (*Id*. at 6-7.)  Hardy believes this to be the "last and final" avenue of review available to her before this Court can consider her claims.  Accordingly, Hardy asks for a second stay and abeyance in order to present her claims.  (*Id*. at 7.)

Hardy then confusingly cites to the exhaustion requirements outlined in this Court's prior order.  See e.g., (Doc. 13 at 4)(citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).  Hardy seems to suggest that by seeking state habeas review, she is utilizing the available remedies, pursuant to *O'Sullivan*, 526 U.S. at 845, and that because she is advancing constitutional claims, she must do so in a state habeas proceeding.  (Doc. 14 at 7-8.)  Hardy then

goes on to discuss "the federal theory on which [her] claim is based" and "the operative facts" necessary to establish the constitutional principle upon which she relies. (*Id*. at 10-11)(citing *Davis,* 511 F.3d at 1009; and *Gray*, 518 U.S. 162-63). Hardy references bias that was purportedly exhibited by a potential jury during voir dire when the juror was taken into chambers for additional questioning by the parties. (*Id*. at 10-11.) Hardy then suggests that allowing this juror to remain on the venire "corrupted" the entire trial. But these are not the showings that Hardy needs to make at the present juncture. The cases referenced herein all deal with how one may properly exhaust a claim in the state courts **prior** to federal review.

   i.     **Procedural Default**

As was explained to Hardy, the doctrine barring procedurally defaulted claims from being heard has exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also, Maples v. Thomas*, 565 U.S. 266, 280 (2012). Review of a defaulted claim is also possible if a petitioner can demonstrate a "fundamental miscarriage of justice," *Coleman,* 501 U.S. at 750, *e.g.*, the conviction of "one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Hardy fails to provide a legitimate excuse to excuse the default of the claims in her amended petition. Instead, she argues that the requisite prejudice is present

due to the allegedly biased juror she referenced. (*Id*. at 12-13.) It is unclear, however, how any of the information surrounding the juror relates to Hardy's first claim, that she was prevented from presenting a viable self-defense and/or defense of another theory of her case.

Hardy then argues that her right to confrontation was violated when defense counsel failed to object to the purportedly biased juror being impaneled. (*Id*. at 13-24.) Hardy suggests that there was an obstruction of justice when a State witness/jail house informant was not called by the State during Hardy's trial. (*Id*. at 14.) The argument surrounding this claim is unclear and difficult to follow.

Hardy finally cites to another matter, *Nolan v. Salmonsen et al*., Cause No. CV-23-18-H-BMM-JTJ, in which a state petitioner was advised of the exhaustion requirements and proceeded to exhaust his due process claim before the Montana Supreme Court prior to proceeding with his federal habeas petition. (*Id*. at 14.) Nolan is distinct from the present case and, thus, does not provide support to Hardy's position.

In *Nolan*, the petitioner filed a state habeas petition while his federal matter was pending; the Montana Supreme Court subsequently denied Nolan relief. This Court then considered Nolan's claims and determined that the state court's decision should be afforded deference and denied habeas relief. *See, Nolan v. Salmonsen et al*., Cause No. CV-23-18-H-BMM-JTJ, Ord. (D. Mont. Jan. 25,

6

2024).  In the present matter, Hardy was already granted a *Rhines* stay and abeyance in these proceedings.  Moreover, as discussed above, Hardy indicated an intent to fully exhaust all of her claims in the state district court via her postconviction proceedings.  Hardy even filed an amended postconviction petition, presumably presenting all of the constitutional claims she intended to pursue, after filing her petition in this Court.

In short, Hardy's arguments do not establish either cause or prejudice to set aside the default of the claims contained in her amended petition.  The claims remain procedurally defaulted.

### ii.  *Rhines* stay

Moreover, Hardy has not shown that a second *Rhines* stay is appropriate in this matter.  Under *Rhines*, a federal district court may stay a mixed habeas petition – that is one containing both exhausted and unexhausted claims – and allow the petitioner to return to state court to litigate the unexhausted claims. *Rhines*, 544 U.S. at 277; *Jackson v. Roe*, 425 F. 3d 654, 660 (9th Cir. 2005).  A district court also has the discretion to stay and hold in abeyance a fully unexhausted petition, such as Hardy's amended petition, under the circumstances set forward in *Rhines*. *Mena v. Long*, 813 F. 3d 908 (9th Cir. 2016).  Stay and abeyance under *Rhines* is only available when: (1) the petitioner has good cause for her failure to exhaust his claims first in state court; (2) the unexhausted claims are not "plainly meritless";

and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78; *see also Mitchell v. Valenzuela*, 791 F. 3d 1166, 1171 (9th Cir. 2015).  Any such stay must be limited in time to avoid indefinite delay.  *Rhines*, 544 U.S. at 277-78.

Hardy has not shown good cause to exhaust these claims in state court.  She was aware of the exhaustion requirement and had ample opportunity to present the claims she now advances.  The claims are not newly discovered, thus Hardy could have raised them at the time her initial petition was filed in this Court and when her state postconviction petition was filed.  Simply because Hardy was unsuccessful in postconviction and its appeal, does not relieve her of the exhaustion requirement, nor does it allow her to change the nature of her claims at this juncture.  Hardy provides no satisfactory explanation of why she did not exhaust her claims during the first stay of the petition.  Given the present circumstances, Hardy has not shown good cause to again stay this matter.  *See, Wooten v. Kirkland*, 540 F. 3d 1019, 1024 (9th Cir. 2008)(noting that because AEDPA "encourage[s] petitioner to exhaust their claims in state court before filing in federal court" stays should be granted only in "limited circumstances").

Similarly, Hardy cannot show that the claims in her amended petition are not "plainly meritless."  For the first time, Hardy now argues that she was acting in self-defense and that her own counsel and the prosecutor conspired to tamper with

8

evidence and conceal it during Hardy's trial. *See*, (Doc. 12 at 4, 6.)  The newly adopted self-defense theory appears to be at odds with the theory of defense which Hardy pursued at trial.  Additionally, the evidence which Hardy believes the parties "tampered" with relates to portions of a video deposition of the wife of one of the State's witnesses, who also happened to be a jail house informant.  It is not clear that the evidence with which Hardy takes issue was even admissible, much less that withholding it from the jury prejudiced her in any meaningful way.  Hardy cannot meet the second prong of *Rhines*.

Additionally, there is a suggestion that Hardy has engaged in, at a minimum, unorthodox litigation tactics, if not intentional delay.  As outlined above, Hardy was previously granted a stay but did not attempt to exhaust either of the unexhausted claims in the amended petition.  Hardy has failed to meet any of the three *Rhines* requirements.  Accordingly, the request for a second *Rhines* stay will be denied and this matter will be dismissed.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Hardy has not made a substantial showing that she was deprived of a constitutional right. She has failed to establish a viable basis to excuse the procedural default of her amended petition, nor is there reason to grant a second *Rhines* stay. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Hardy's Amended Petition (Doc. 12) is DISMISSED with prejudice.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 10th day of April, 2026.

_____
Donald W. Molloy, District Judge
United States District Court